IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER HUDDLESTON,** | § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. |
| **OPENSEA,** | § § | _____ |
| Defendant. | § § | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Ozone Networks, Inc. (d/b/a and referred to herein as "OpenSea"), by and through its attorneys, Perkins Coie LLP, hereby give notice of removal of this action from the 111th Judicial District Court of Webb County, Texas to the United States District Court for the Southern District of Texas. The grounds for the removal of this action are as follows:

### I.   STATE COURT ACTION

On December 14, 2022, Plaintiff filed his Original Petition in the 111th Judicial District Court of Webb County, Texas, under the caption *Christopher Huddleston v. OpenSea,* Case No. 2022CVI001753D2. In his Petition, Plaintiff alleges that OpenSea negligently failed to safeguard Plaintiff's assets. OpenSea was served with the Petition on or about May 22nd, 2023. Plaintiff has requested a jury.

The Webb County, Texas District Court where Plaintiff filed his Original Petition is located at the following address:

    1110 Victoria Street, Ste. 301
    Laredo, Texas 78040

An index of the matters being filed is attached as **Exhibit 1**. A copy of the state court's docket sheet is attached as **Exhibit 2**. All pleadings asserting causes of action, along with all executed process, are attached as **Exhibit 3**. A list of all counsel of record, including addresses, telephone numbers and parties represented is attached as **Exhibit 4**. There are no orders signed by the state judge to be attached pursuant to Local Rule 81.

## II.     GROUNDS FOR REMOVAL

This action is removable under 28 U.S.C. § 1441(a) and (b) because the Court has original jurisdiction under 28 U.S.C. § 1332. Diversity jurisdiction exists because the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Landry v. Cross Country Bank*, 431 F. Supp. 2d 682, 684 (S.D. Tex. 2003).

### A.     There is complete diversity of citizenship.

Plaintiff is a citizen of Texas. *See* Ex. 3, at 3. OpenSea is not. OpenSea has its principal place of business in the State of New York and is incorporated in Delaware. *See id.*, at 4. OpenSea is therefore a citizen of New York and Delaware, but is not a citizen of Texas. Because the parties are citizens of different states, complete diversity of citizenship exists between the parties for purposes of diversity jurisdiction under 28 U.S.C. § 1332(a). *See Richey v. Wal-Mart Stores, Inc.*, 390 F. App'x 375, 378 (5th Cir. 2010) (finding that complete diversity where plaintiff was a citizen of Texas and defendant Walmart was incorporated in Delaware with its principal place of business in Arkansas).

### B.  The amount in controversy exceeds $75,000.

The Petition makes apparent that the amount in controversy for Plaintiff's individual claims exceeds $75,000, as required by 28 U.S.C. § 1332(a). In the Petition, Plaintiff clearly and plainly alleges that he incurred a loss "on or around two hundred and fifty thousand dollars." *See* Ex. 3, at 4. Therefore, because it is facially apparent from the Petition that the amount in controversy is above the $75,000 threshold, removal is proper. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995); *see also Casas v. Travelers Pers. Ins.*, No. 7:22-CV-00260, 2022 WL 4596308, at *1 (S.D. Tex. Sept. 30, 2022) (finding "it 'facially apparent' that Plaintiffs' claims are for more than the jurisdictional threshold of $75,000" where the petition requests "over $250,000" in damages) (citing *Allen*, 63 F.3d at 1335).

### III.  PROPER VENUE AND COMPLIANCE WITH REMOVAL PROCEDURES

Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as it is the district and division embracing the place where the state action is pending.

Moreover, removal is procedurally proper because OpenSea has satisfied all requirements. This Notice of Removal is timely filed. OpenSea was served with a copy of the Petition on or about May 22nd, 2023. *See* Ex. 2; Ex. 3. OpenSea subsequently filed and served this Notice of Removal within 30 days of service of the Petition, in accordance with 28 U.S.C. § 1446(b). OpenSea has filed with this Notice of Removal true and correct copies of all process, pleadings, and orders served upon it in the state-court action. And OpenSea will promptly give Plaintiff written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d). OpenSea will also promptly

file a copy of this Notice of Removal with the clerk of the 111th Judicial District Court of Webb County, Texas, where the action was pending prior to removal, also pursuant to 28 U.S.C. §1446(d).

## IV.  NO WAIVER

By filing this Notice of Removal, OpenSea does not waive any rights, privileges, or defenses available under federal or state law, including the right to move for dismissal of the case for lack of personal jurisdiction. *Thompson v. Cartlidge*, 158 F.3d 583, *1 (5th Cir. 1998) (unpub.) ("removal, in itself, does not constitute a waiver of any right to object to lack of personal jurisdiction.") (cleaned up); *U.S. Brass Corp. v. Am. Gas Furnace Co.*, No. CIV. 301CV0414-H, 2001 WL 1082416, at *1 (N.D. Tex. Aug. 29, 2001) ("As a general rule, a party does not waive any Rule 12(b) defenses by removing an action from state to federal court."). More, nothing in this Notice of Removal should be taken as an admission that Plaintiff's allegations are sufficient to state a claim or have any substantive merit.

## V.  CONCLUSION

For the foregoing reasons, this action is properly removed from the 111th Judicial District Court of Webb County, Texas.

Dated: June 9, 2023

By: */s/ Hayden M. Schottlaender*
Ann Marie Painter
TX Bar No. 00784715
SDTX Bar No. 19741
AMPainter@perkinscoie.com
Hayden M. Schottlaender

*Attorney-in-Charge*
TX Bar No. 24098391
SDTX Bar No. 2800728
HSchottlaender@perkinscoie.com
Emma Roberts
TX Bar No. 24126601
SDTX Bar No. 3780915
EmmaRoberts@perkinscoie.com

**PERKINS COIE LLP**
500 N. Akard, Suite 3300
Dallas, TX  75201
Telephone: (214) 965-7700
Facsimile: (214) 965-7799

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing has been served upon all counsel of record, via First Class U.S. Mail and email on June 9, 2023, as follows:

Armando Trevino
Law Offices of Ramos-Trevino
519 Washington St., Suite 1
Laredo, TX 78040
armandotrevinolaw@gmail.com

*/s/ Hayden M. Schottlaender*
Hayden M. Schottlaender